Irving H. Saypol, J.
Defendants move for dismissal of the complaint for legal insufficiency. They contend that each stated cause is insufficient.
The agreement of October 21, 1954 provided for the management of the corporation, sale of stock and employment of the plaintiff and others. The later agreement of March 29,1957 was made on the occasion of the sale by the plaintiff of his stock. It appears clearly that the purchase price of the stock was paid in full. Plaintiff was also paid on account of his earnings as employee what the corporation believed was his full due as salary and share of profits. The writing did direct, however:
‘ ‘ This latter check is accepted by me, however, subject to my receipt of a duly certified report of the Certified Public Accountants regularly employed by Steinberg-Kass, Inc. and my examination of such report and such other records which I am presently entitled to inspect under the terms of the said contract.
‘ ‘ In addition, it is understood that the delivery of my stock certificate and acceptance of the checks herein described is without prejudice to all of my rights contained in the above-described agreement which rights are specifically agreed to continue until all other monies, if any, that are found to be due me, whether under the above agreement or otherwise, are paid me.”
Plaintiff urges that by those quoted provisions his contract right of inspection was preserved. The basic contract contains no provision for inspection and plaintiff never enjoyed a right of *881 inspection save the statutory and common-law right of a stockholder, and such right of inspection which he may have as an employee. His rights as a stockholder vanished with the sale of stock. His claim of right to compensation as an employee measured by a percentage of profits is enforcible at law only and gives him such right of inspection as may be proper in such an action.
Accordingly, his claimed right as a stockholder to inspect based on the two agreements is nonexistent and the first cause which seeks to enforce that right is insufficient. His claim of right to further compensation is one at law and consequently the second cause seeking accounting of profits in equity for the purpose of measuring the debt is insufficient. In each instance plaintiff establishes no cause against the individual defendant.
The motion is granted dismissing each cause as to the individual defendant and as to the corporate defendant as well with leave to the plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry against the corporate defendant upon his cause for the recovery of additional compensation.